UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-CV-00633-FDW-DSC

| | |
|---|---|
| TRUDY JANE PATE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Trudy Jane Pate's Motion for Summary Judgment (Doc. No. 12) and Commissioner's Motion for Summary Judgment (Doc. No. 17). Pate, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits under 42 U.S.C. § 405(g).[1] For the following reasons, Pate's Motion for Summary Judgment is GRANTED, Commissioner's motion is DENIED, and the Commissioner's decision is REVERSED and REMANDED to the Social Security Administration.

## I. BACKGROUND

Pate filed an application for Title XVI benefits on August 12, 2016, and subsequently filed an application for Title II benefits on September 8, 2016, alleging disability since May 1, 2016. (Doc. No. 11-4, pp. 34-35, 66-67). Pate's applications were denied on December 19, 2016 and were denied again upon reconsideration on March 3, 2017. Id. pp. 35, 67. Important to this matter,

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2016).

1

the Court notes that on August 10, 2016, Pate also filed an application for Medicaid benefits in North Carolina. (Doc. No. 11-7, p. 105). The Medicaid application was initially denied, and thus, Pate appealed to the N.C. Department of Health and Human Services ("NCDHHS"). Id. p. 73. On March 3, 2017, the NCDHHS issued a decision finding Pate disabled, and therefore, eligible for Medicaid benefits. Id. pp. 108-109.

Regarding her applications for Title II and Title XVI benefits, Pate requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 19, 2018, before ALJ Susan Sousa. (Doc. No. 11-3, pp. 45-80). After the hearing, the ALJ denied Pate's application in a written decision dated March 22, 2019. Id. pp. 20-37.

In reaching her decision, ALJ Sousa used the five-step sequential evaluation process for the evaluation of disability claims under the Social Security Act ("the Act"). Id. pp. 24-25; 20 C.F.R. § 416.920(a)(4). At the first step, the ALJ determined Pate had not engaged in substantial gainful activity since the filing of her alleged onset date of May 1, 2016. Id. p. 25. At step two, the ALJ determined Pate had two severe impairments: anxiety and depression. Id. p. 26. At step three, the ALJ found Pate did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments ("the Listings") found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. pp. 26-28. The ALJ then determined Pate had the Residual Functional Capacity ("RFC"):

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple instructions but not necessarily simple routine repetitive tasks, meaning an SVP of three or less. The claimant can maintain attention and concentration for at least 2-hour periods sufficient to carry out simple tasks. She can adapt to routine workplace changes at a non-production pace with occasional interaction with the general public.

Id. p. 28. The vocational expert ("VE") testified an individual with Pate's RFC could perform jobs that exist in significant numbers in the national economy. Id. p. 36. Based on the VE's testimony and Pate's age, education, work experience, and RFC, the ALJ determined Pate could perform her past relevant work as a Home attendant/home companion. Id. pp. 34-35. Thus, the ALJ concluded Pate was not disabled, as defined in the Social Security Act. Id. pp. 36-37. Pate has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). (Doc. No. 1).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility

determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861-62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)) (alterations in original). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden regarding past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

On appeal, Pate claims the ALJ committed the following errors: (1) failure to identify and properly evaluate Pate's severe mental impairments using the "special technique," (2) failure to support her RFC evaluation with substantial evidence, (3) failure to explain why she afforded less than substantial weight to the NCDHHS decision, and (4) failure to explain her reasoning for assigning various weight to opinion evidence. The Court agrees that, on the record before it, remand is necessary.

In recent years, the Fourth Circuit has made clear that even though "a 'disability decision by another entity does not bind the SSA,' the 'default rule' is that an ALJ must give 'substantial weight' to another agency's decision." Kiser v. Saul, 821 Fed. Appx. 211, 215 (4th Cir. 2020) (quoting Woods v. Berryhill, 888 F.3d 686, 691-92 (4th Cir. 2018)) (citation omitted). Specifically, an ALJ must give "substantial weight" to disability decisions by the NCDHHS "because both NCDHHS and Social Security disability insurance benefits 'serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability' and because NCDHHS's provision of Medicaid is for those who are considered disabled for social security purposes." Id. (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012)).

However, while this Court recognizes there may be times when "it is 'appropriate' [for the ALJ] to accord less than 'substantial weight' to a NCDHHS disability decision, [the] ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" Woods, 888 F.3d 686, 692 (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). "For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new

evidence made available after NCDHHS issued its decision." Id. However, when the ALJ fails to provide such explanation, "a reviewing court 'cannot engage in meaningful review.'" Kiser, 821 Fed. Appx. 211, 215 (quoting Woods, 888 F.3d 686, 693).

Here, the ALJ determined the NCDHHS decision deserved "little weight". The ALJ explained as follows:

> The undersigned gives little weight to the Medicaid award because it is without substantial support from the other evidence of record, which renders it less persuasive. The claimant knew the purpose of the Medicaid hearing, which increases the likelihood of possible motivation to exaggerate reported symptoms or limitations for purposes of secondary gain. Finally, the Medicaid award is not binding on [the] Social Security Administration that is why the award letter specifically states "This decision in no way affects any pending or future claims for Social Security or Supplemental Security Income Benefits."

(Doc. No. 11-3, p. 33). In this explanation, the ALJ provided three reasons to support her conclusion, all of which, this Court finds "neither persuasive nor specific." Woods, 888 F.3d 686, 693.

First, the ALJ provides the NCDHHS decision should be afforded little weight because it "is without substantial support from the other evidence of record, which renders it less persuasive." (Doc. No. 11-3, p. 33). Without more, this statement precludes meaningful review because the ALJ fails to "explain why [the NCDHHS decision is not supported] with reference to the evidence considered," and thus, is insufficient to justify assigning less than substantial weight to it. Morgan v. Berryhill, 2018 WL 6606077, at *2 (W.D.N.C. Dec. 17, 2018); see also Reese v. Berryhill, 2018 WL 4365534, at *3 (W.D.N.C. Sept. 13, 2018) ("The ALJ's decision to accord Plaintiff's prior Medicaid eligibility 'little weight' was supported only by the explanation that 'it is not consistent with the evidence discussed herein' is not sufficiently persuasive or specific to justify a deviation from the Fourth Circuit's default rule of according decisions by other agencies like NCDHHS

substantial weight."); Holley v. Berryhill, 2018 WL 4266363, at *3 (E.D.N.C. Sept. 5, 2018) (concluding that the ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision where "the ALJ merely concluded that the NCDHHS disability decision was due minimal weight because it was inconsistent with other medical evidence and plaintiff's work history" (quotation marks omitted)); cf. Digregorio v. Saul, 2020 WL 4437271, at *47 (W.D.N.C. Aug. 3, 2020) (noting the ALJ's discussion of the reasons why she gave less than substantial weight to an NCDHHS disability decision and concluding that such discussion satisfied Woods).

Second, the ALJ's speculates that merely because "[Pate] knew the purpose of the Medicaid hearing, [it] increase[d] the likelihood of possible motivation to exaggerate reported symptoms or limitations for purposes of secondary gain." Absent supporting evidence, speculation such as this is insufficient to justify deviating from the Fourth's Circuit's default rule of affording substantial weight to NCDHHS decisions for at least the reasons explained above. Succinctly put, "meaningful review cannot rest on such guesswork." Woods, 888 F.3d 686, 694.

Third, the ALJ provides she can give NCHS decision less than substantial weight because "the Medicaid award is not binding on [the] Social Security Administration that is why the award letter specifically states 'This decision in no way affects any pending or future claims for Social Security or Supplemental Security Income Benefits.'" The Fourth Circuit in Woods, however, explicitly rejected this argument, finding inadequate an ALJ's reasoning that "the Medicaid determination specifically states that 'this decision in no way affects any pending or future claims for Social Security or Supplemental Security Income benefits.'" 888 F.3d 686, 693.

The Commissioner argues the ALJ was correct in assigning little weight to the NCDHHS decision "because it was inconsistent and unsupported by the evidentiary record." (Doc. No. 18, p. 14). Specifically, the Commissioner explains "[the NCDHHS decision] provided a cursory review of [Pate's] medical history, which did not include improvement with treatment (Tr. 31). It also did not detail the generally consistent normal findings with respect to attention and concentration, memory, being alert and oriented, and cooperative." Id. Even if the Commissioner is correct in his assessment of the NCDHHS decision, the ALJ failed to identify any of these *specific* issues in her decision. Instead, the "Commissioner [now] attempts an explanation for the ALJ . . . [because] the ALJ never addressed the substance of the NCDHHS decision or its findings as [required] to adequately explain [her] reasoning under Woods. The Commissioner cannot now support the decision on grounds the ALJ did not even acknowledge." Morgan, 2018 WL 6606077 at *2.

Accordingly, the Court agrees with Pate that the decision must be remanded. Upon remand, the ALJ should provide specific and persuasive reasons supported by the record for according the NCDHHS disability decision less than substantial weight.

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Pate's application for disability benefits nor does the Court express any opinion as to Pate's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that the decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta here,[2] the Court notes that remand

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that

provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990))

### IV. CONCLUSION

For the foregoing reasons, Pate's Motion for Summary Judgment (Doc. No. 12) is GRANTED; the Commissioner's Motion (Doc. No. 17) is DENIED; and the ALJ's determination is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

Signed: October 22, 2020

Frank D. Whitney
United States District Judge

---

"[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency...."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")). Nevertheless, here, the Court declines to consider Pate's other assignments of error, as they can be revisited on remand.